# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PAMELA DAVIES, | : | |
| Plaintiff, | : | |
| | | Case No. 3:12cv00355 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| CAROLYN W. COLVIN, | : | Chief Magistrate Judge Sharon L. Ovington |
| Acting Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon the Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #19), the Commissioner's Response (Doc. #20), Plaintiff's Reply (Doc. #22), and the record as a whole.

Plaintiff and her counsel entered into a written contingency-fee agreement in July 2012, about six months before they filed this case. The agreement documented, on one hand, Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due benefits payable to Plaintiff. On the other hand, the agreement documented counsel's willingness to work on a contingent-fee basis. This resulted in counsel's acceptance of the risk he would recover zero attorney fees in the event Plaintiff

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

received no past-due benefits. (Doc. #19, PageID at 1021).

On remand from this Court to the Social Security Administration, Plaintiff received past-due benefits. The Social Security Administration withheld 25% from those benefits, $26,328.00, to secure funds sufficient to pay a possible judicial award of attorney fees to Plaintiff's counsel. (Doc. #19, PageID at 1024). Plaintiff's counsel now seeks an award of $12,328.00 in attorney fees under 42 U.S.C. §406(b) and the contingency-fee agreement.

Title 42 U.S.C. § 406(b) authorizes this Court to award attorney's fees when a plaintiff brought a successful challenge to the Commissioner's denial of the plaintiff's application for Social Security benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). Such an award may not exceed 25% of the past-due benefits that the plaintiff received as a result of the successful challenge. *See id.*; *see also* 42 U.S.C. § 406(b)(1). The plaintiff's attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

A 25% contingency fee agreement between a plaintiff and his or her attorney "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown,* 865 F.2d 739, 746 (6th Cir. 1989). An award of attorney fees under §406(b) is not unreasonable merely because it results in an above-average hypothetical hourly rate. *Royzer*

2

*v. Sec'y of Health & Human Servs.,* 900 F.2d 981, 982 (6th Cir.1990). As the Sixth Circuit has explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the requested fee by the number of attorney hours worked]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer*, 900 F.2d at 982.

In the present case, the Commissioner opposes the amount of attorney-fee award requested by Plaintiff's counsel on the ground it would constitute a windfall to counsel. The Commissioner sees a windfall in the hourly rate of approximately $500.00 implicitly requested by Plaintiff's counsel. The Commissioner asserts that $400.00 per hour is "a good compromise for amply compensating Plaintiff's counsel, while still allowing Plaintiff to collect a sizable portion of her past due benefit given her years of economic hardship and the likelihood that she will never work again." (Doc. #20, PageID at 1056). The Commissioner therefore concludes that counsel should be awarded $9,840.00 ($400.00 per hour x 26.4 hours) in attorney fees. *Id*.

The Commissioner relies on one of the situations in which a reduction of the contingency-fee award may be warranted: when "counsel would ... enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Royzer*, 900 F.2d at 982. "[A] windfall can never occur when, in a case where a contingency fee contract

exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 932 F.2d 418, 422 (6th Cir. 1990). This "multiplier of 2 is an appropriate floor in light of indications that social security attorneys are successful in approximately 50% of cases they file in the courts. Without a multiplier, a strict hourly rate would insure that social security attorneys would not, averaged over many cases, be compensated adequately." *Id*.

The amount of attorney fees Plaintiff's counsel seeks – $12,328.00 – does not constitute a windfall to him. It is far less than the 25% statutory cap set in §406(b), or stated as a dollar amount, it is far less than the $26,328.00 withheld by the Social Security Administration for possible payment of a judicial award of attorney fees to Plaintiff's counsel. (Doc. #19, PageID at 1024).

Next, the time sheet submitted by Plaintiff's counsel shows that he engaged in 24.60 hours of work in this case. The Commissioner thus correctly calculates that Plaintiff's counsel proposes a hypothetical hourly rate of approximately $500.00 ($26,328.00 ÷ 24.60 hours). Viewing this, in turn, as the product of the applicable multiplier of 2, *see Hayes*, 923 F.2d at 422, translates to an hourly rate of $250.00. This is less than the $270.00 x 2 = $540.00 hypothetical hourly rates used and permitted in *Pencil*, 2012 WL 4364273 at *2. As a result, the hypothetical $500.00 hourly rate does not constitute a windfall to Plaintiff's

counsel in this case. *Accord Wright v. Astrue,* No. 3:09-cv-115, 2012 U.S. Dist. LEXIS 93489, at *6–7, 2012 WL 2700393, at *2–3 (S.D. Ohio July 6, 2012) (Merz, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 103014 at *1, 2012 WL 3023258 at *1 (S.D. Ohio July 24, 2012) (Rice, D.J.) (approving a hypothetical hourly rate of $539.57).

Additionally, the $250 hypothetically hourly rate is only a bit above the median $223 hourly rate used by attorneys working in Dayton, Ohio in or near 2012. *See* The Economics of Law Practice in Ohio in 2013, Ohio State Bar Association.[2] It is also the same $250 hourly rate used by the 75th percentile of attorneys practicing in Dayton before, during, and after 2012. *See id.*; *see also Pencil*, 2012 WL 4364273 at *2. And, as in *Pencil*, the skill and extensive experience of Plaintiff's counsel in litigating social security cases – and in litigating this case – is commensurate with an hourly rate near the 75th percentile of attorneys in Dayton. *See Pencil*, 2012 WL 4364273 at *2.

The Commissioner's proposed hourly rate of $400 is based on cases in both the Southern and Northern Districts of Ohio where the awarded attorney fee was less than $400.00 per hour. However, those cases are distinguished from the present case because the plaintiff's counsel did not present evidence supporting their requested hourly rates or the

---

[2] Although Plaintiff's counsel performed some work in late 2012, most of his work in this case occurred in or near 2013 and early 2014. (Doc. #19, PageID at 1017-19). It is therefore more accurate to use the Ohio Bar Association's 2013 economic report rather than its 2010 report. *Cf. Robinson v. Comm'r of Soc. Sec.*, 212 Soc. Sec. Rep. Serv. 1, 2015 WL 401477, at *1 (S.D. Ohio Jan. 28, 2015) (King, M.J, R&R).

5

hourly rates in the relevant markets.  *See Koprowski v. Comm'r of Soc. Sec.*, No. 1:10-cv-1216, 2013 WL 29804, at *2 (N.D. Ohio Jan. 2, 2013); *see also Brown v. Comm'r of Soc. Sec.*, No. 4:09-cv-2870, 2012 WL 6682112, at *3 (N.D. Ohio Dec. 21, 2012); *Stonitsch v. Astrue*, No. 1:09-CV-00593, 2012 WL 5378744, at *1 (S.D. Ohio Oct. 30, 2012) (Spiegel, D.J.); *Vaughn v. Astrue*, No. 3:08-cv-377, 2012 WL 3585928, at *1 (S.D. Ohio Aug. 20, 2012); *Jones v. Astrue*, No. 3:09-cv-80, 2012 WL 3251865, at *1 (S.D. Ohio Aug. 8, 2012); *Edwards v. Comm'r of Soc. Sec.*, No. 1:08-cv-815, 2011 WL 1002186, at *1 (S.D. Ohio Mar. 16, 2011).  In another case the Commissioner points to, *May v. Comm'r of Soc. Sec.*, No. 4:10-cv-1533, 2013 WL 162293, at *1 (N.D. Ohio Jan. 14, 2013), there is no description of, and no indication the Court considered, the particular attorney's experience and skill.  *May* is therefore unlike the present case where Plaintiff's counsel has skillfully represented Plaintiff in this case and has skillfully represented social security plaintiffs for many years.

      The Commissioner also relies on two recent cases from this district decided in 2014 where a $400.00 hourly rate was awarded.  These cases, however, are readily distinguishable from the present case.  In the first case, *Buttrey v. Comm'r of Soc. Sec.,* No. 1:11cv357, 2014 WL 1670034, at *3 (S.D. Ohio April 23, 2014), the Court reviewed "all the relevant factors including the ultimate success of Plaintiff and in recognition of counsel's experience and skill ..." and found that the hypothetical $400 hourly rate was appropriate.  In the present case, counsel's extensive experience and high level of skill in social security cases plus the relevant market rates for attorneys in Dayton strongly support the conclusion that the

hypothetical hourly rate of $500 is not a windfall to counsel. In the Commissioner's next $400 hourly rate case, *Boston v. Comm'r of Soc. Sec.*, No. 1:10-cv–408, 2014 WL 1814012, at *3 (S.D. Ohio May 7, 2014), the Court adopted a Report and Recommendation, which noted that some reduction in the requested fee award was warranted because the motion was "technically untimely," except for equitable tolling. *Boston*, 2014 WL 1814012, at *3; *see Boston*, 1:10-cv–408 (R&R, Doc. #18, PageID at 120). The timeliness of counsel's present Motion is not at issue, and it is not, therefore, a factor that would support reducing counsel's requested hypothetical hourly rate. Additionally, the windfall finding in *Boston* was based in part on counsel's experience and skill, and *Boston* involved the same attorney who sought fees in *Buttrey*. It thus was reasonable to apply the same reduction in hourly rate in both cases. *Id.*, PageID at 121. In contrast, Plaintiff's counsel in the present case has extensive experience and a high level of skill in social security cases, and the relevant market rates for attorneys in Dayton support the conclusion that the hypothetical hourly rate of $500 is not a windfall to counsel. *See Pencil*, 2012 WL 4364273 at *2.

Next, the Commissioner's reliance on *Byers v. Astrue*, No. 3:08-cv-92, 2012 WL 5504908, at *3 (S.D. Ohio Nov. 13, 2012) is misplaced because the plaintiff's counsel in *Byers* sought attorney fees at hypothetical hourly rates well below the amount sought in the present case. Consequently, *Byers* does not shed light on whether the fees sought or earned in this case, or in *Pencil*, are reasonable or a windfall.

Tacking in a different direction, the Commissioner maintains that a significant portion

of Plaintiff's past-due benefits were generated through nothing other than the 6-year delay from the time she applied for benefits to the time benefits were awarded. Much of the delay, however, was caused by the Social Security Administration's repeated denials of Plaintiff's application for benefits, from the date she filed her application on May 14, 2008 to the date the Social Security Appeals' Council denied her request for review on August 30, 2012. Plaintiff's counsel should not be effectively penalized for this delay by reducing his requested hourly rate.

Lastly, the Commissioner seeks an Order requiring Plaintiff's counsel to refund to Plaintiff the $4,000.00 in attorney fees the parties stipulated to under the Equal Access to Justice Act. This suggested refund would come from the amount of the present award of attorney fees under 42 U.S.C. §406(b).

The refund the Commissioner requests is often warranted at this stage of social security cases because it prevents counsel from being paid twice for the same work. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989); *see also King v. Comm'r of Soc. Sec.*, 230 F. App'x 476, 481 n.5 (6th Cir. 2007). However, in the instant case, the U.S. Treasury Department intercepted the $4,000 fee award and sent it to the Internal Review Service rather than to Plaintiff's counsel. Such action was taken pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) due to a $4,000 pre-existing debt Plaintiff owed the IRS. *See* Doc. #22, PageID at 1067, 1081. Because Plaintiff's counsel did not actually receive the $4,000 award under the Equal Access To Justice Act, the present fee award he seeks will not

pay him twice for the same work he performed. For this reason, the Commissioner's request to reduce the fee award to Plaintiff's counsel by $4,000 should be denied.

Accordingly, the amount of attorney fees Plaintiff's counsel seeks is reasonable and does not constitute a windfall for Plaintiff's counsel in this case.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion for Allowance of Attorney Fees (Doc. #19) be GRANTED;

2. The Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. §406(b) in the total amount of $12,328.00; and

3. The case remain terminated on the docket of this Court.


February 27, 2015

                                                  s/Sharon L. Ovington
                                                  Sharon L. Ovington
                                       Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).